QUESTION: Are parole and probation officers law enforcement officers as defined in s. 112.19, F. S.?
SUMMARY: Parole and probation officers are, for the purposes of s.112.19, F. S., "law enforcement officers" as defined in said section. A law enforcement officer is one whose duty it is to preserve the peace. Black's Law Dictionary (Rev'd Fourth Ed. 1968). In Frazier v. Elmore, 173 S.W.2d (Tenn. 1943), the court said: "We commonly refer to and describe those whose duty it is to preserve the peace as `peace officers' or `law enforcement officers.'" In this context, at least, a peace officer is synonymous with a law enforcement officer. Cf. "Peace Officers," Black's Law Dictionary (Rev'd Fourth Ed. 1968). Restatement of Torts 2d, s. 114, defines a peace officer as one "designated by public authority whose duty it is to keep the peace, and arrest persons guilty or suspected of crime." Chapter 112, F. S., contains general provisions of Florida law which apply to public officers and employees. Section 112.19 provides for death benefits to law enforcement officers. Section 112.19(1) is the definition section of the statute, while s. 112.19(2) provides for the payment of $20,000 in death benefits to the beneficiary of a law enforcement officer, under 70 years of age, while engaged in the performance of any of the duties mentioned in s. 112.19(1)(c) who is killed or receives bodily injury which results in the loss of his life within 180 days from the date of said injury. As to the application of s. 112.19 to law enforcement officers who die of heart attacks while on duty, your attention is directed to informal opinion dated May 5, 1975, to the Honorable Tom Lewis, Representative, 83rd District of the Florida Legislature. For the purposes of the special death benefit payable to law enforcement officers under s. 112.19(1)(c), F. S.: The term "law enforcement officer" means a full-time officer, deputy, agent or employee of an employer, whether elected at the polls, appointed or employed, whose duties require him to enforce criminal laws, make investigations relating thereto, apprehend and arrest violators thereof or transport, handle or guard persons arrested for, charged with or convicted of violations thereof. The duties of the Florida Parole and Probation Commission, which are carried out by parole and probation officers, include "[s]upervising all persons placed on parole and determining violations thereof and what action shall be taken with reference thereto" and "[m]aking such investigations as may be necessary." Section 947.13, F. S. Parole and probation officers have the power of arrest when they have reasonable grounds to believe that "a parolee has violated the terms and conditions of his parole in a material respect." Sections 947.22(2) and 948.06(1), F. S. Because parole and probation officers have limited power of arrest they are law enforcement officers within the meaning of s. 790.001(8)(a), F. S., and may carry concealed weapons without a license when acting within the scope of their duties. Attorney General Opinion 071-386. Parole and probation officers are included in those classes of persons whom it is unlawful to resist, with or without violence to their persons, in the execution of any legal duty and whom it is unlawful to falsely personate. Sections 843.01, 843.02, and 843.08, F. S. Since parole and probation officers' duties are concerned with the enforcement of criminal law and making investigations relating thereto, they do have the power of arrest and right to carry concealed weapons without a license. Furthermore, parole and probation officers are included under the coverage of ss. 843.01, 843.02, and 843.08, F. S., as law enforcement personnel, are considered law enforcement officers for the purposes of Ch. 790, F. S., and have been designated "high hazard" members by the Division of Retirement of the Department of Administration for purposes of s. 122.34(1)(b), F. S., a designation reserved for "only those members who are full-time criminal law enforcement officers or agents, as certified by the employing authority, who perform duties according to rule, order or established custom as full-time criminal law enforcement officers or agents." Accordingly, I am of the opinion that parole and probation officers are, for the purposes of s. 112.19, F. S., "law enforcement officers" as defined in said section and that the question presented here must be answered in the affirmative.